**Jose Manuel ACEVEDO–TOSCANO, aka Daniel Calbarrio–Mesa, aka Jose Manuel Castro, aka Navil Gomez, aka Miguel Martinez–Hernandez, aka Osvaldo Medina–Martinez, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72385.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2015.*

Filed April 28, 2015.

Jesse Maanao, Law Offices of Jeffrey C. Gonzales, Portland, OR, for Petitioner.

Jennifer R. Khouri, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

*See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Jose Manuel Acevedo–Toscano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Carrillo de Palacios v. Holder*, 708 F.3d 1066, 1069 (9th Cir.2013). We deny the petition for review.

Acevedo–Toscano has not challenged the agency's determination that under *Duran Gonzales v. DHS*, 508 F.3d 1227 (9th Cir. 2007) he is not eligible to adjust his status because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) as an alien who reentered the United States without admission following removal, and does not satisfy the requirements for the exception to inadmissibility in 8 U.S.C. § 1182(a)(9)(C)(ii). *See* 8 U.S.C. § 1255(a)(2), (i)(2)(A) (alien must be admissible to adjust status); *see also Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir.2011) (issues not raised in opening brief are waived).

Acevedo–Toscano instead contends this court erred in *Duran Gonzales* in giving deference to the BIA's decision in *Matter of Torres–Garcia*, 23 I. & N. Dec. 866 (BIA 2006). We may overrule a prior decision by a three judge panel when there is intervening higher authority that is clearly irreconcilable with the prior deci-

sion. *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir.2003) (en banc). Here, there is no such intervening authority, and we are compelled to reject Acevedo–Toscano's challenge to *Duran Gonzales. See id.*

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).